## FERNANDO LOPEZ v. THE STATE.

1. CONFESSIONS.— To the provisions of the Code of Procedure controlling the competency of confessions as evidence, no exceptions can be allowed besides those prescribed by those provisions themselves.
2. SAME.— If, by agreement with proper authority, a *particeps criminis* not in custody, made a confession to secure his own immunity on condition that he would testify against his accomplices, and he afterwards refused to testify, the confession is evidence against himself if it be shown that it was made freely and without compulsion. If, however, he was in custody when he made the confession, there must not only be a showing that it was made freely and without compulsion or persuasion, but also that it was made voluntarily after he was cautioned that it might be used against him in case he should refuse to testify.
3. SAME.— The mere dread of legal punishment is not such compulsion, nor the mere hope of immunity such persuasion, as destroys the voluntary character of a confession. But a confession obtained by an official promise to put an end to a prosecution is not admissible. See the opinion *in extenso.*

APPEAL from the District Court of Cameron. Tried below before the Hon. J. C. RUSSELL.

The indictment charged the appellant and one Roque Tomayo with the theft of a cow. The latter, it appears, was tried first, and the appellant refused to testify against him, as he had agreed with the county attorney he would do on condition of his own immunity from prosecution. When the agreement was made the appellant was in jail, and he then confessed his own participation with Tomayo in the theft of the cow. At his own trial the State proposed to put the confession in evidence. The defense objected, and in laying the predicate for the evidence it was disclosed that the appellant was not cautioned that his confession could be used against him under any circumstances. The confession was allowed to go to the jury, and the defense reserved exceptions. The jury found the appellant guilty, and assessed his punishment at a term of two years in the penitentiary.

No brief for the appellant.

*H. Chilton,* Assistant Attorney General, for the State.

White, P. J.    With regard to accomplices or co-defendants who are permitted to turn State's evidence against their fellows, Mr. Greenleaf says: "If an accomplice, having made a private confession upon a promise of pardon made by the attorney general, should afterwards refuse to testify, he may be convicted upon the evidence of that confession." 1 Greenl. Evid. § 379. Mr. Bishop says: "The agreement is that the accomplice shall disclose all he knows, honestly and fairly, and if his testimony is corrupt, or if otherwise his disclosures are only partial, he gains nothing and his confessions may be used against him." 1 Bish. Cr. Proc. § 1164 (3d edition).

That the confession could be used as evidence against him when tried after repudiating his agreement seems to have been well established at common law (3 Russ. on Crimes, 5th Eng. ed. 601 and note), and is the rule which

obtains in some of the American States. *Hamilton* v. *People*, 29 Mich. 173; *Comm.* v. *Knapp*, 10 Pick. 477; *Bowden* v. *State*, 1 Texas Ct. App. 137. Many reasons might be advanced in favor of the justice and efficiency of such a rule, were the question an open one in this State.

But such is not the case. No exceptions to the statute relating to confessions, save those enumerated, can with us be availed of by the State. "The confession of a defendant may be used in evidence against him if it appear that the same was freely made, without compulsion or persuasion, under the rules hereafter prescribed." Code Crim. Proc. art. 749. "Art. 750. The confession shall not be used if at the time it was made the defendant was in jail or other place of confinement, nor while he is in custody of an officer, unless such confession be made in the voluntary statement of the accused taken before an examining court in accordance with law, or be made voluntarily after having been first cautioned that it may be used against him," etc.

To authorize such confessions, or confessions made with an agreement to turn State's evidence, to be admitted on the subsequent trial of the party making them, in this State and under this statute, it should be made to appear not only that they were made freely and without compulsion or persuasion, but, if the defendant was under arrest, in jail or other place of confinement, it would have to be further shown that they were made voluntarily after he had been first cautioned that they might be used against him. But the confession in no such case can be used "*unless freely made without compulsion or persuasion.*" If the party has been threatened into making, or persuaded into making it, in the hope that he would be permitted to turn State's evidence and thereby gain immunity from punishment, in no event could such confession be used against him, if he subsequently repudiated the agreement and refused to testify

as a witness for the State. If, however, he should freely and without compulsion or persuasion send for the prosecuting officer and propose to confess, and the officer should first caution him that it might be used against him, the confession would be admissible though he might have made it in the hope of immunity. Fear of legal punishment would not of itself be such compulsion as would deprive him of his freedom of action in the premises, and especially so if he was first cautioned that his confession might be so used. Nor would an agreement entered into by the parties after a confession so made, to the effect that if defendant would turn State's evidence and testify to the facts confessed he would be released and relieved from prosecution and punishment, operate to destroy the legality and admissibility of such a confession, should he afterwards repudiate the agreement and refuse to testify. For such agreement would only be subordinate to the confession, and would form no part of it. But a confession obtained by an official promise to put an end to a prosecution will not be received. Whart. Cr. Ev. § 650.

In the case we are considering, defendant confessed, and the district attorney promised that he would not prosecute him if he appeared and testified against his co-defendant, but it does not appear that he cautioned defendant that his confession might be used against him in case he refused to testify. When the co-defendant was placed on trial, defendant failed and did positively refuse to testify against his co-defendant. Afterwards he was placed upon his own trial, and, over his objections, his confessions made to the district attorney were admitted in evidence against him. This was error because it was not shown, as a predicate for the admission of the confession, that it was made in compliance with the provisions of the statute above discussed.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*